UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ABRAHAM LESER,

                       Plaintiff,                           **ORDER**
                                                                                09-CV-2362 (KAM)(ALC)

    -against-

U.S. BANK NATIONAL ASSOCIATION,

                       Defendant.
-----------------------------------------------------------------X

**CARTER, United States Magistrate Judge:**

       On March 12, 2010, Defendant U.S. Bank moved to compel responses to interrogatories and document requests served on the Plaintiff. First, Defendant seeks the production of documents in the possession of nine companies or entities which Plaintiff Leser owns, controls, or with which he is affiliated (hereinafter "the named entities").[1] Second, Defendant seeks documents and communications in the possession of Plaintiff or any of the named entities regarding Eli Verschleiser, who served as the mortgage broker for the two loans at issue, or his Multi Group of companies. Third, Defendant seeks to compel Plaintiff to provide exemplars of his signature as well as information regarding any and all bank accounts owned by Plaintiff or any entity with which he is affiliated. Subsequently, on March 19, 2010, Plaintiff Leser filed a motion to quash two non-party subpoenas directed to JPMorgan Chase and Joseph J. Furst requesting exemplars of Plaintiff's signature as well as other financial documents and communications.

       This Court held a hearing on May 6, 2010 to hear argument on the parties' motions.

---

[1] The named entities include: VTE Philadelphia, L.P.; Leser Group, L.P.; Pier 35 ½ Tower, LLC; Resel Penn St. Corporation; Reuben Corporation; JJ Lyons Associates, Inc.; Bronx AL LLC; Bronx RMT LLC; and Lockaway 2, LLC.

Upon consideration of the parties' written submissions and the arguments made by counsel at the hearing, and for the reasons set forth below, Defendant's Motion to Compel is granted in part and denied in part, and Plaintiff's Motion to Quash is granted in part and denied in part.

## DISCUSSION

A. <u>Defendant's Motion to Compel</u>

Defendant's motion to compel the production of documents and communications concerning the VTE Philadelphia and/or Reuben loans in the possession of the named entities is granted. Plaintiff's primary objection to producing the demanded documents is that they are not in his personal files, i.e. in his possession. However, the Federal Rules of Civil Procedure require parties to produce items in their "possession, custody, and control," not simply those in their immediate possession. *See* Fed. R. Civ. P. 34(a)(1). Documents are in a party's control when the party has the legal right, authority, or practical ability to obtain the documents. *See Fairfield Financial Mortg. Group v. Luca*, No. 06-CV-5962, 2008 WL 5001105, at *4 (E.D.N.Y. Nov. 19, 2008); *DeVos v. Lee*, No. 07-CV-804, 2008 WL 2946010 (E.D.N.Y. July 29, 2008); *Bank of New York v. Meridien BIAO Bank of Tanzania Ltd.*, 171 F.R.D. 135, 146-7 (S.D.N.Y. 1997); *Golden Trade, S.r.L. v. Lee Apparel Co.*, 143 F.R.D. 514, 525 (S.D.N.Y. Aug. 17, 1992); *M.L.C., Incorp., v. North American Philips Corp., et al.*, 109 F.R.D. 134 (S.D.N.Y. Jan. 2, 1986).

The Defendant has made an adequate showing to overcome Plaintiff's assertion that the requested documents are not in his possession, custody, or control. *See Golden Trade*, 143 F.R.D. at 525 n.7. According to Defendant, the address for each of the named entities is the same Brooklyn address where Plaintiff Leser lives and works. Additionally, each of the written consents executed by the entities in connection with the loans at issue specifically authorized Plaintiff to sign the loan agreements, and Plaintiff did, in fact, sign each of the loan agreements *on behalf of the entities*. In his written opposition to Defendant's motion, Plaintiff does not

2

contest these facts. Given this, it is hard to imagine that Plaintiff would not have access to the required documents and the ability to obtain them from the named entities, regardless of whether additional copies are also kept in Plaintiff's personal files.

More importantly, Plaintiff admitted in his responses to interrogatories that he owns, controls, or is affiliated with each of the named entities. Further clarifying this fact, Defendant lays out in its motion papers the relationship between each of the named entities and Plaintiff Leser. *See* Def.'s Mot. 3/12/10, Doc. 35, at *3.[2] Again, Plaintiff never disputes Defendant's characterization of the position he holds within the named entities or the relationship between the entities themselves. Instead, Plaintiff argues that he does not "own" or "control" any of the entities. While never denying his *affiliation* with each entity, Plaintiff confuses the rule's requirement of control over the requested documents with control over the entities in possession of them. Although Plaintiff may not own or control the named entities, his affiliation with them in this instance gives him control over the requested documents as that term is defined in relation to discovery obligations.

Finally, Plaintiff also objects to production of the documents on the grounds that they are irrelevant to the issues in this case. The central issue in this case is whether Plaintiff is liable for personal loan guaranties that purport to bear his signature. *See also* Pl's Resp. 3/19/10, Doc. 36,

---

[2] According to Defendant:

> VTE Philadelphia L.P. is controlled by Leser Group, L.P., its general partner, which in turn is controlled by Pier 35 ½ Tower, LLC, its general partner, which in turn is owned controlled [sic.] by Resel Penn St. Corporation, its equity member. Leser is the Sole Director, President, Secretary and Treasurer of Resel Penn St. Corporation. . . . Leser is the Sole Director and President of Reuben Corporation and JJ Lyons Associates, Inc. . . . Leser is also the Sole Managing Member of Lockaway 2, LLC, which is the Sole Managing Member of Bronx AL LLC and Bronx RMT LLC.

Def.'s Mot. 3/12/10, Doc. 35, at *3.

3

at *1 ("[T]his case centers upon whether the plaintiff, an individual, personally guaranteed two separate loans made by the defendant . . . to various corporate entities.")(emphasis omitted). Documents and communications concerning the VTE and Reuben loans that are in the possession of the loan borrowers or their affiliated entities would likely reveal the parties' understanding with regard to whether a guaranty was required, who would be guaranteeing the loan, and who would be signing the loan guaranty documents. The documents are likely to lead to admissible evidence and, therefore, discoverable. Plaintiff cannot shield the documents from discovery by storing them in files not used for his personal business. On or before May 27, 2010, Plaintiff is directed to produce the requested information and documents concerning the VTE and Reuben loans that are in the possession of any of the named entities.

For the same reasons, Defendant's motion to compel Plaintiff to respond to interrogatories and produce documents concerning services performed by, communications with, agreements with, and payments to Eli Verschleiser and/or the Multi Group of companies in connection with the loans at issue is also granted. Documents and communication between the mortgage broker of the loans and the borrowing entities and/or Plaintiff Leser – whether in his capacity as an individual *or* as the representative of the borrowing entities – is likely to lead to admissible evidence regarding who, if anyone, the parties believed to be guaranteeing the loans and signing the guaranty documents. Whether Eli Verschleiser and the Multi Group of companies performed any services for Plaintiff as an individual or simply for the corporations and entities with which he is affiliated is irrelevant to Plaintiff's obligation to comply with discovery requests. Based on his affiliation with the named entities as discussed above, Plaintiff has control over the documents through his ability to obtain them. Accordingly, on or before May 27, 2010, Plaintiff is directed to produce the requested information and documents concerning Eli Verschleiser and the Multi Group of companies that are in his possession or in the

possession of any of the named entities.

Finally, Defendant's motion to compel Plaintiff to provide signature exemplars and to identify bank accounts owned by him or any entity he owns, controls, or with which he is affiliated is denied without prejudice. Based on an agreement between the parties, Defendant is directed to first review the signature exemplars produced by JPMorgan Chase pursuant to this Order. *See* § B, infra. Should the Defendant require additional exemplars, it may renew its motion to compel the production of exemplars from Plaintiff Leser as well as information regarding bank accounts held in his name or the name of any entity with which Plaintiff is affiliated.

B.  Plaintiff's Motion to Quash

Plaintiff has moved to quash a subpoena directed to JPMorgan Chase seeking exemplars of Plaintiff's signature on the basis that the Defendant's request is overly broad and burdensome. Through the exchange of motion papers, the parties were able to narrow the points of disagreement significantly and to agree to several restrictions on the documents to be produced. At the subsequent motion hearing on May 6, 2010, the parties reached further agreement with regard to limitations on Defendant's request. In accordance with the parties' agreement and based on the arguments made at the hearing, Plaintiff's Motion to Quash with regard to JPMorgan Chase is granted. Instead, JPMorgan Chase is ordered to produce all documents which contain the Plaintiff's original or copied signature from May 2007 to December 2007, including but not limited to all checks, withdrawals and deposits. All information should be redacted with the exception of Plaintiff's signature and the date. JPMorgan Chase is directed to produce the redacted documents to Plaintiff's counsel on or before May 27, 2010. Within three days of receipt of the documents from JPMorgan Chase, Plaintiff's counsel is directed to produce the redacted documents to counsel for the Defendant. Should the volume of documents to be

produced pursuant to this Order prove to be unduly burdensome,[3] Plaintiff may seek leave to have the production further limited. Likewise, if the number of signature exemplars produced by JPMorgan Chase pursuant to the parties' agreement and this Order proves to be insufficient for the purposes of Defendant's expert, Defendant may seek leave to renew its request for additional exemplars from JPMorgan Chase. Defendant is directed to serve a copy of this Order on JPMorgan Chase by the close of business May 14, 2010.

Finally, Plaintiff's motion to quash with regard to documents requested from Joseph J. Furst, CPA, is denied. As with the JPMorgan Chase subpoena, the parties were able to reach agreement in advance of the May 6, 2010 hearing with respect to several of the issues raised in their written submissions. The two remaining points of disagreement involve (1) whether the documents sought from Furst should be limited to those involving the VTE and Reuben loans or whether Furst should also be required to produce documents concerning a separate line of credit that was extended to Plaintiff Leser by U.S. Bank, and (2) whether the number of signature exemplars sought from Furst should be limited to two exemplars per month and to documents involving the loans at issue.

I find that the documents to be produced should not be limited to those pertaining to the VTE and Reuben loans, alone, but should also extend to documents concerning the separate line of credit extended to Plaintiff Leser by U.S. Bank. Documents concerning the separate line of credit would likely support Defendant's contention that there was an established course of dealing between the parties which is relevant to the parties' expectations and understanding with respect to the VTE and Reuben loans. With regard to the requested signature exemplars, I find that Furst should produce all documents bearing, or which purport to bear, Plaintiff's signature

---

[3] At the time of the May 6, 2010 hearing, Plaintiff's counsel was unaware of the volume of responsive documents maintained by JPMorgan Chase.

from November 2006 to August 2008. The documents are to be redacted according to the agreement between the parties.

## CONCLUSION

Defendant's Motion to Compel is granted in part and denied in part. Defendant's motion to compel Plaintiff to produce documents in the possession of entities with which he is affiliated is GRANTED. On or before May 27, 2010, Plaintiff is directed to produce the requested information and documents concerning the VTE and Reuben loans and those concerning Eli Verschleiser and the Multi Group of companies that are in Plaintiff's possession or in the possession of any of the named entities. Defendant's motion to compel Plaintiff to produce signature exemplars and information regarding bank accounts held in his name or the name of any entity with which Plaintiff is affiliated is DENIED without prejudice.

Plaintiff's Motion to Quash is granted in part and denied in part. Plaintiff's motion to quash a non-party subpoena directed to JPMorgan Chase is GRANTED. Instead, on or before May 27, 2010, JPMorgan Chase is ordered to produce all documents which contain the Plaintiff's original or copied signature from May 2007 to December 2007, including but not limited to all checks, withdrawals and deposits. Plaintiff's motion to quash with regard to documents requested from Joseph J. Furst, CPA, is DENIED.

**SO ORDERED.**

**Dated: Brooklyn, New York**
**May 13, 2010**

s/Andrew L. Carter, Jr.
_____
**ANDREW L. CARTER, JR.**
**UNITED STATES MAGISTRATE JUDGE**