```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
ABRAHAM LESER

        Plaintiff,

        -against-                         09-CV-2362 (KAM)(MDG)

U.S. BANK NATIONAL ASSOCIATION,           MEMORANDUM & ORDER

        Defendant.
-----------------------------------X
U.S. BANK NATIONAL ASSOCIATION,

        Counterclaim Plaintiff,

        v.

ABRAHAM LESER,

        Counterclaim Defendant.
-----------------------------------x
```

**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

Presently before the court are plaintiff/counterclaim defendant Abraham Leser's ("Leser" or "plaintiff") remaining objections to defendant/counterclaim plaintiff U.S. Bank National Association's ("USB" or "defendant") proposed trial exhibits.[1] (ECF No. 175, Plaintiff's Letter Objections dated 12/26/12 ("Obj.").) The court has also received and reviewed USB's response to plaintiff's objections. (ECF No. 176, Defendant's Response dated 12/27/12 ("Resp.").) For the reasons

---

[1] The parties' familiarity with the facts of this case is presumed. The court will employ in this Memorandum and Order the same abbreviations it previously used in its Memorandum and Order, dated September 25, 2012, denying summary judgment to both parties. (ECF No. 142.)

1

that follow, plaintiff's remaining objections to defendant's proposed exhibits are denied in part and granted in part. The court's rulings[2] with respect to plaintiff's remaining objections are set forth below.

**I.       Objection to "Documents relating to Robert Baier's writings and testimony in other matters"**

Plaintiff objects to several of defendant's proposed exhibits relating to materials challenging plaintiff's expert, Robert Baier, with regard to his writings or statements in other legal matters, including testimony taken in and court orders from other matters. (Obj. at 1.) Plaintiff agrees that defendant may cross-examine Mr. Baier with these materials, but objects to defendant's ability to admit the same into evidence because they constitute "irrelevant collateral matters." (*Id*.) Defendant maintains that, depending on Mr. Baier's testimony, it may seek to admit some of these documents. (Resp. at 2.)

The court reserves its ruling on specific documents until Mr. Baier testifies on direct and cross-examination, but

---

[2] Plaintiff also continues to assert his authenticity objections to the "cropped signatures" in defendant's proposed exhibits K1 and L1 and to the loan transaction documents, which also "purportedly contain his signatures" and the "defective/false notarizations of his supposed signatures." (Obj. at 2.) Defendant responds that the documents for the signature exemplars that it intends to use at trial have been produced and all issues have been resolved. (Resp. at 2.) In addition, the court already ruled on the admissibility of the loan transaction documents. Accordingly, the court does not believe a further ruling is necessary on defendant's proposed Exhibits K1 and L1 (the exemplars) and the loan transaction documents. (*See also* Order dated 12/27/12.)

defendant's proffered documents relevant to Mr. Baier's qualifications as an expert, his adherence to any accepted standards and procedures for forensic document examiners, his prior testimony and court decisions regarding his qualifications, and documents regarding his training and knowledge as an expert are likely to be admitted. Additionally, Mr. Baier's previous statements made by him "under penalty of perjury, at a trial, hearing, or other proceeding or in a deposition," Fed. R. Evid. 801(d)(1)(A), would be admissible when presented and offered in accordance with Federal Rules of Evidence 613(b) and 801(d)(1)(A). Documents used to cross-examine Mr. Baier that are not otherwise admissible under the Federal Rules of Evidence will not be admitted into evidence.

**II.     Objection to "Robert Lovy orders"**

Plaintiff acknowledges that four particular court orders and judgments regarding Mr. Lovy in this case, defendant's proposed exhibits D13, I13, K13, and N13, "may be used during examination of Mr. [Robert] Lovy." (Obj. at 2.) Defendant's proposed exhibit D13 is a minute entry and order dated March 2, 2011. The other three exhibits are orders and a judgment of this court finding Robert Lovy in civil contempt for his failure to comply with a deposition subpoena and imposing sanctions on him. Defendant argues that these documents are

3

relevant to Mr. Lovy's credibility, which is at issue in this case. (Resp. at 2.)

The court rules that exhibit D13, the minute entry and order dated March 2, 2011, should not be admitted pursuant to Federal Rule of Evidence 401, because it does not make any fact of this case "more or less probable." Fed. R. Evid. 401(a). Depending on Mr. Lovy's testimony, defendant may be permitted to use the other three documents in this category, Exhibits I13, K13, and N13, however, to cross-examine Mr. Lovy. Further, although plaintiff posits that admission of the court orders and judgment "could" put the court in the position of "being a witness" (*see* Obj. at 2), the court does not intend to become a witness if defendant seeks to introduce them, and notes the orders and judgment are part of the record in this case.

**III.     Objection to Defendant's Proposed Exhibits F3 and Z4**

Plaintiff objects to two proposed defense exhibits, F3 and Z4, on essentially the same grounds, and thus the court will address them together. The court will conditionally admit defendant's proposed exhibits F3, an email dated March 5, 2007, from Eli Verschleiser to defendant's representatvies, and Z4, a letter dated July 27, 2007 from Louis Lipsky, Esq. to defendant's representatives, stating that he represents plaintiff and others in the VTE loan transaction, subject to defendant's ability to satisfy the balance of Federal Rule of

4

Evidence 801(d)(2)'s requirements at trial. In the event that defendant is not able to do so, however, defendant's proposed exhibits F3 and Z4 may be admitted for other non-hearsay grounds, including, but not limited to, showing their effect on their respective recipients, or for identification, agency and knowledge, and not for the truth of the matters asserted therein.

First, plaintiff objects to defendant's proposed introduction of an email from Eli Verschleiser to Walter Whitt (of USB) and James Freedman (counsel for USB) dated March 5, 2007, in which Mr. Verschleiser appears to transmit statements from Leser to the email's recipients. (Obj. at 2.) Plaintiff notes that Leser himself was not copied on this email, and objects that the email contains inadmissible hearsay. (*Id*. at 3.) Additionally, plaintiff argues that this email does not "establish the creation of an agency relationship," so as to bring it within the purview of Federal Rule of Evidence 801(d)(2), for a party admission of some kind. (*Id*.) Defendant contends that the email is admissible under several theories: (i) the email is a business record of defendant, because it was sent to defendant's employees in the course of their regular business; (ii) the email is admissible as one of Leser's own statements under Fed. R. Evid. 801(d)(2) (although defendant does not specify a subsection of Rule 801(d)(2) that it believes

5

applies); (iii) the email is admissible not for the truth of the matter asserted therein, but to show its effect on the recipients and USB's resulting belief of Leser's knowledge and involvement; and (iv) the email is relevant to whether Mr. Verschleiser was, in fact, Leser's agent, which is key to several of defendant's liability theories and defenses. (*See* Resp. at 3.)

Similarly, plaintiff objects that defendant's proposed exhibit Z4, a letter dated July 27, 2007 from Philadelphia-based attorney Louis Lipsky, Esq., appearing to set forth Mr. Lipsky's representation of Leser as an individual as well as the VTE Borrowers in connection to the VTE loan transaction, is also hearsay and does not constitute a party admission under Federal Rule of Evidence 801(d)(2). (Obj. at 3.) Plaintiff further asserts that it has not been established that Mr. Lipsky was either an authorized representative or employee of Leser, such that Mr. Lipsky's statements can be admitted as Leser's own, and that Leser will testify that Mr. Lipsky did not actually represent Leser individually in connection with the VTE loan transaction. (*Id.*) In response, defendant argues that the Lipsky opinion letter should be admitted as a business record of Mr. Lipsky's law firm, and also notes that the opinion letter is highly probative of whether Mr. Lipsky had apparent authority to

act on Leser's behalf in connection with the VTE loan transaction. (Resp. at 3-4.)

As an initial matter, the court notes that although both parties generally cite to Rule 801(d)(2), neither party has specified whether these exhibits would qualify under 801(d)(2)(C), which applies to statements by a party's authorized agents with "speaking authority", or 801(d)(2)(D), which applies to statements of a party's agents made during their agency relationship concerning a matter within the scope of their relationship.

"The relevant inquiry in Fed. R. Evid. 801(d)(2)(C) situations is whether the person making the statements had the authority to speak on a particular subject on behalf of the party the admission is to be used against." *Penguin Books U.S.A., Inc. v. New Christian Church of Full Endeavor, Ltd.*, 262 F. Supp. 2d 251, 260 (S.D.N.Y. 2003) (citing Wright & Miller, 30B Fed. Prac. & Proc. Evid. § 7022; *Precision Piping and Instruments, Inc. v. E.I. du Pont de Nemours & Co.*, 951 F.2d 613, 619 (4th Cir. 1991)). "The courts' inquiries generally require that a person making the statement be an agent of the party-opponent against whom the admission be offered." *Id.* (citing Wright & Miller, § 7022). By contrast, 801(d)(2)(D) only requires that "'the employee/agent has made the statements within the scope of employment'" or agency relationship. *Id.*

7

(quoting *Precision Piping*, 951 F.2d at 619-20). Therefore, under 801(d)(2)(C), "the individual must have had specific permission to speak on a subject, such as a contract, as opposed to in a Rule 801(d)(2)(D) inquiry where the individual only had to have general authority of the business area the contract falls under." *Id*. Under 801(d)(2)(C), a party may bestow speaking authority upon an individual either "expressly or implicitly." *Id*. at 260 (citing Weinstein on Evidence, § 801.32 at 801-60). The court thus examines whether a person has speaking authority on the particular subject in question. *See id*.

With respect to the foundation required for Fed. R. Evid. 801(d)(2)(D) admissions, the Second Circuit has held that "[a] sufficient foundation to support the introduction of vicarious admissions therefore requires only that a party establish (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992). Although the foundational predicate for an agency relationship "may be established by circumstantial evidence," *id*. at 538, the statements themselves are not alone sufficient. *See* Fed. R. Evid. 801(d)(2) ("The contents of the statement shall be considered but are not alone sufficient to

8

establish the . . . agency or employment relationship and scope thereof. . . .").

Furthermore, "[t]he authority granted in the agency relationship need not include authority to make damaging statements, but simply the authority to take action about which the statements relate." *Pappas*, 963 F.2d at 538. If an employee/agent was "an advisor or other significant participant in the decision making process that is the subject matter of the statement," the statements are considered within the scope of the employment or agency relationship. *Penguin Books*, 262 F. Supp. 2d at 261. Additionally, the speaker does not have to be the "'final decisionmaker,' but simply an advisor or significant participant in the decision-making process." *Id.* (quoting *U.S. v. Rioux*, 97 F.3d 648, 661 (2d Cir. 1996)).

In any event, whether the foundational predicate has been established for admitting a statement under Fed. R. Evid. 801(d)(2)(C) or (d)(2)(D) "is preliminary matter to be determined by the trial court." *Id.* (citing *Hill v. F.R. Tripler & Co.*, 868 F. Supp. 593, 597 (S.D.N.Y. 1994)). "A person's statement that he was an agent of another may not establish that relationship as an incontrovertible fact, but it can help establish that that individual himself believed that he was acting on another's behalf and under another's control." *Cabrera v. Jakabovitz*, 24 F.3d 372, 387 (2d Cir. 1994) (citing

*Slotkin v. Citizens Cas. Co.*, 614 F.2d 301, 316 (2d Cir. 1979) ("'[A] person can properly testify as to the facts which it is alleged constitute his authority, and his testimony can be introduced either by or against the alleged principal.'"). The trial judge's scrutiny of the evidence regarding the purported authority of a witness with respect to his or her purported principal is a Fed. R. Evid. 104(b) inquiry and "the standard that should be used is whether or not a juror could reasonably find that the admission was made within the scope of employment/agency or within the speaking authority." *Penguin Books,* 262 F. Supp. 2d at 261 (citing *O'Neal v. Esty*, 637 F.2d 846, 851 (2d Cir. 1980)); *see also Pappas*, 963 F.2d at 537 (foundational predicate for an agency relationship "may be established by circumstantial evidence").

Additionally, Rule 801(d)(2) explicitly instructs courts to consider the subject statements themselves when determining if they were made under circumstances indicating authority under (d)(2)(C) or an employee/agent relationship under (d)(2)(D). Fed. R. Evid. 801(d)(2). Nevertheless, "[t]alismanic language alone does not determine an agency relationship." *In re Nigeria Charter Flights Contract Litig.*, 520 F. Supp. 2d 447, 461 (E.D.N.Y. 2007) (internal quotation marks omitted). Instead, "[c]ourts must look to the substance of the relationship," since agency depends upon "the existence

10

of the required factual elements creating a fiduciary relation."
*Id*.

Given these evidentiary principles, the court will reserve its ruling on whether defendant's proposed exhibits F3 and Z4 should be admitted under Fed. R. Evid. 801(d)(2), or any other rule of evidence, until the relevant witnesses testify and the appropriate foundation is laid.

Moreover, these exhibits can also be admitted for their effect on their recipients (USB's representatives), not for the truth of the matters asserted therein. *See, e.g., United States v. Gotti*, 457 F. Supp. 2d 395, 397 (S.D.N.Y. 2006) ("It is well established . . . that statements offered for their effect on the listener are non-hearsay.'"). "Out-of-court statements are not hearsay if offered to show the context within which parties were acting, or to show a party's motive or intent for behavior." *Arista Records LLC v. Lime Group LLC*, 784 F. Supp. 2d 398, 420-21 (S.D.N.Y. 2011) (citing Weinstein's Federal Evidence, § 801.11[5]); *see also United States v. Dupre*, 462 F.3d 131, 136-137 (2d Cir. 2006) (email messages sent by third parties to defendants were admissible to provide context for email messages sent by defendants in response); *United States v. Garcia*, 900 F.2d 571, 576 (2d Cir. 1990) (co-defendant's statement that the defendant seeking preclusion on hearsay grounds sold "good crack" was not hearsay because it "was

11

offered not to prove the truth of the matter asserted, but to help the jury understand the context of the transaction"). Out-of-court statements are also not considered hearsay if used to prove notice or knowledge. *Arista Records*, 784 F. Supp. 2d at 421 (citing *Cameron v. Cmty. Aid for Retarded Children*, 335 F.3d 60, 65-66 (2d Cir. 2003)). This result obtains even where, as here, the contested statements also relate to the underlying issues of the case. *See Spicer v. Pier Sixty LLC,* 269 F.R.D. 321, 332 n.6 (S.D.N.Y. 2010) (admitting emails drafted by defendant's employees and sent to non-parties for their "effect on the listener," where emails contained statements regarding defendant's pricing and tipping policies, in an FLSA wage-and-hour dispute), *reconsideration denied* (Oct. 13, 2010); *Lambert v. McCann Erickson*, 543 F. Supp. 2d 265, 272 n.6 (S.D.N.Y. 2008) (admitting defendant supervisor's statement regarding plaintiff's work performance "for its effect on the listener" in wrongful termination action); *Slue v. New York Univ. Med. Ctr.*, 409 F. Supp. 2d 349, 366, n.10 (S.D.N.Y. 2006) (admitting statements with defamatory content in defamation action, not for the truth of the matter asserted but "for the fact that they were made and conveyed a defamatory implication to the listeners). Therefore, even aside from the agency questions under Rule 801(d)(2) discussed earlier, these exhibits can still be admitted for several non-hearsay purposes. The court will

12

thus admit defendant's proposed exhibits F3 and Z4 for their effect on the listener, and if defendant lays the proper foundation, also discussed earlier, the exhibits may also be admitted for their truth under Rule 801(d)(2).

**IV.     Objection to Defendant's Proposed Exhibits N3 and P7**

Plaintiff objects to defendant's proposed exhibits N3 and P7, organizational charts of the entities involved in the loan transactions obtained from files of attorneys purporting to represent plaintiff and/or the Borrowers, showing plaintiff and/or the Borrowers to have an interest in the VTE and Seattle loan transactions, on the same grounds: that defendant has not established the authors of these documents and that the charts constitute inadmissible hearsay with respect to the their representations of Leser's relationships to the Borrower entities. (Obj. at 3.) Defendant asserts that these documents are business records of the lawyers who represented the VTE and Seattle Borrowers[3] and that plaintiff does not dispute their authenticity. (Resp. at 4.)

As an initial matter, defendant has not explicitly set forth the foundation required to establish that these exhibits are business records under Rule 803(6). *See* Fed. R. Evid. 803(6) (requiring, *inter alia*, foundation that "the record was

---

[3] As noted earlier, plaintiff argues that Mr. Lipsky, who is the source of defendant's proposed exhibit N3, did not represent him individually.

13

made at or near the time by -- or from information transmitted by -- someone with knowledge" to be a business record). Nonetheless, because these exhibits were obtained from law firms that represented the Borrowers, in which defendant may be able to show plaintiff had an interest or that plaintiff controlled, the court will likely admit these exhibits pursuant to Fed. R. Evid. 801(d)(2) once the proper foundation is presented. Additionally, as noted in connection with defendant's proposed exhibits F3 and Z4, these exhibits may also be admitted not for the truth of the matters asserted therein, but for, *inter alia*, their effect on their recipients, to show the understanding and motives of defendant as it entered the loan transactions, and to show the context of the loans and documents in question. *See, e.g.*, *Arista Records*, 784 F. Supp. 2d at 420-21. Whether these exhibits will also be admitted for their truth will be determined at trial.

**V.    Objection to Defendant's Proposed Exhibit Y12**

Plaintiff finally objects to defendant's introduction of the complaint in a bankruptcy action involving the "Victory Memorial Hospital," arguing that this document is irrelevant because it has no bearing on whether plaintiff signed the personal guaranties at issue in this case. (Obj. at 3.) Defendant responds that this document may be relevant depending on plaintiff's testimony, because it sheds light on the

14

circumstances under which plaintiff has entered into personal guaranties. (Resp. at 4.)

The court will reserve its decision on defendant's proposed exhibit Y12 until plaintiff testifies, *i.e.* when the potential relevance, if any, of this document to plaintiff's credibility is revealed.

**SO ORDERED.**

Dated:   Brooklyn, New York
         December 29, 2012

                                    _____/s/_____
                                    **KIYO A. MATSUMOTO**
                                    United States District Judge
                                    Eastern District of New York

15