UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ABRAHAM LESER,

                Plaintiff,

  -against-

U.S. BANK NATIONAL ASSOCIATION,

                Defendant.
------------------------------------------------------------x
U.S. BANK NATIONAL ASSOCIATION,

                Counterclaim Plaintiff,

  v.

ABRAHAM LESER,

                Counterclaim Defendant.
------------------------------------------------------------x

09-CV-02362 (KAM) (MDG)

**DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR PRE-JUDGMENT ENFORCEMENT**

Katten Muchin Rosenman, LLP
575 Madison Avenue
New York, New York 10022

*Co-Counsel for Defendant U.S. Bank National Association*

Of Counsel:

Matthew D. Parrott
Arthur S. Linker
Gregory C. Johnson

## TABLE OF CONTENTS

**PAGE**

Table of Authorities……………………………………………………………………….ii

BACKGROUND…………………………………………………………………………….1

THE RELIEF SOUGHT BY USB SHOULD BE IMMEDIATELY GRANTED………………..2

ARGUMENT………………………………………………………………………………...2

     I.     USB Should Be Granted Pre-Judgment Relief…………………………………2

CONCLUSION………………………………………………………………………………7

## **TABLE OF AUTHORITIES**

**P<small>AGE</small>(S)**

**F<small>EDERAL</small> C<small>ASES</small>**

*Amalfitano v. Rosenberg*,
    428 F. Supp. 2d 196 (S.D.N.Y. 2006)……………………………………………….6

*Loew v. Kolb*,
    03 CV 5064 (RCC), 2003 WL 22077454 (S.D.N.Y. 2003)……………………….3, 5

*Sequa Capital Corp. v. Nave*,
    921 F. Supp. 1072 (S.D.N.Y. 1996)……………………………………………….3, 4

**S<small>TATES</small> C<small>ASES</small>**

*Berg v. Au Cafe, Inc.*,
    No. 108437/05, 2009 WL 1905143 (Sup. Ct. N.Y. County Jun. 24, 2009)………….3, 4, 5

*Gallegos v. Elite Model Mgmt. Corp.*,
    1. Misc. 3d 200, 768 N.Y.S. 2d 134 (Sup. Ct. N.Y. County Aug. 13, 2003)………..3, 4, 5

*Perez v. 347 Lorimer LLC*,
    No. 38841-2005, 2011 WL 7394419 (Sup. Ct. Kings County May 3, 2011)…………..3, 6

**F<small>EDERAL</small> S<small>TATUTES</small>**

Fed. R. Civ. P. 64 . …………………………………………………………………..1, 2, 3

**S<small>TATE</small> S<small>TATUTES</small>**

CPLR 5222……………………………………………………………………………..1, 2, 3

CPLR 5229……………………………………………………...…………………….*passim*

**O<small>THER</small> A<small>UTHORITIES</small>**

David D. Siegel, New York Practice,
    Ch. 18, § 516 (West 2011)……………………………………………………...2

Defendant U.S. Bank National Association ("USB") brings this motion by order to show cause pursuant to FRCP 64 and CPLR 5229 for an order (i) restraining and enjoining plaintiff Abraham Leser ("Leser" or "Plaintiff"), and any person, company, or other entity controlled by him, with the same effect as if a restraining notice had been served upon him after judgment pursuant to CPLR 5222; and (ii) compelling Leser to produce documents and appear for an examination by USB's co-counsel herein, Katten Muchin Rosenman, regarding Leser's finances, assets, and ability to satisfy the forthcoming judgment.

## BACKGROUND

This declaratory judgment action was commenced by Leser in a futile attempt to avoid his payment obligations under two guaranties issued by him in favor of USB (the "Guaranties") as security for two commercial loans (the "Loans") in the amounts of $17,500,000 and $21,000,000, respectively. (Parrott Decl. Exh. 1 at ¶¶ 5, 12.)[1]

In his June 4, 2009 complaint (the "Complaint"), Leser sought various forms of relief, including a declaratory judgment that the Guaranties were not enforceable on the purported ground that he never executed them. (Parrott Decl. Exh. 1 at ¶¶ 21, 24.) In turn, USB filed an answer with counterclaims denying Leser's allegations and seeking payment of all amounts owed under the Guaranties, as well as other costs including interest and attorney's fees (the "Counterclaims"). (Parrott Decl. Exh. 2.)

On January 14, 2013, after an eight-day trial, the jury herein rendered a verdict rejecting all of Leser's claims and finding that Leser owes USB $38,289,575.66 pursuant to the Guaranties, plus attorney's fees and interest. (Parrott Decl. Exh. 3.) Thereafter, the Court set a

---

[1] References to the "Parrott Decl." are to the declaration of Matthew D. Parrott, dated February 11, 2013, and the exhibits ("Exh.") attached thereto.

1

briefing schedule for post-trial submissions concerning the appropriate calculation of interest and attorney's fees. Pursuant to that schedule, USB's reply brief is due on March 18, 2013, and the final judgment is expected to be issued on an unspecified date thereafter. (Parrott Decl. ¶ 6.)

## THE RELIEF SOUGHT BY USB SHOULD BE IMMEDIATELY GRANTED

In view of the magnitude of the jury verdict in USB's favor and the risk that Leser will be unable or unwilling to satisfy the forthcoming judgment, the Court should exercise its discretion to grant the relief sought by USB pursuant to CPLR 5229 and FRCP 64 because (i) USB has satisfied the statutory requirements for pre-judgment relief under CPLR 5229; (ii) the evidence produced in discovery and at trial indicates that Leser is experiencing financial distress and may be unable to fully satisfy the judgment, which will be in excess of $38,289,575.66; (iii) there is a substantial risk that Leser will seek to transfer or otherwise shield assets from execution during the substantial time lag between the rendering of the jury's January 14, 2013 verdict and the forthcoming judgment, which will not be issued until some unspecified date after the conclusion of briefing on the interest and attorneys fee issues on March 18, 2013; and (iv) Leser's complex and widespread international business interests may enable him to improperly shield his assets from enforcement unless the Court grants the relief sought herein.

## ARGUMENT

I. USB Should Be Granted Pre-Judgment Relief.

Under New York law, a party in whose favor a verdict or decision has been rendered is entitled to seek an order prior to the entry of judgment that requires the "examination of the adverse party" concerning his ability to satisfy the forthcoming judgment and orders such party "restrained with the same effect as if a restraining notice had been served upon him after judgment." CPLR 5229. Pursuant to CPLR 5222, a judgment debtor served with a restraining

notice, such as Leser here, "is forbidden to make or suffer any sale, assignment, transfer or interference with any property in which he or she has an interest" unless the judgment has been satisfied or pursuant to an order of the Court. CPLR 5222.

The determination of whether to grant relief pursuant to CPLR 5229 is a matter left to the Court's sound discretion. *Berg v. Au Cafe, Inc.*, No. 108437/05, 2009 WL 1905143, at *2 (Sup. Ct. N.Y. County Jun. 24, 2009). Notably, "[o]ther than having received a favorable verdict or decision, there are no prerequisites to obtaining the relief provided in CPLR 5229." *Sequa Capital Corp. v. Nave*, 921 F. Supp. 1072, 1076 (S.D.N.Y. 1996). Thus, "[t]he only statutory requirement is that the application for 5229 relief be made by the prevailing party." *Perez v. 347 Lorimer LLC*, No. 38841/2005, 2011 WL 7394419, at *2 (Sup. Ct. Kings County May 3, 2011), citing *Gallegos v. Elite Model Mgmt. Corp.*, 1 Misc. 3d 200, 202, 768 N.Y.S.2d 134, 135 (Sup. Ct. N.Y. County 2003) (same). Moreover, it is well settled that pre-judgment relief under CPLR 5229 is available to federal litigants such as USB pursuant to FRCP 64, which provides in pertinent part that "every remedy is available [to a litigant in federal court] that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." *See Sequa, 921 F. Supp. at 1075* (holding "that CPLR 5229 is a remedy within the meaning of FRCP 64"); *Loew v. Kolb*, 03 CV 5064 (RCC), 2003 WL 22077454, at *2 (S.D.N.Y. 2003) (granting relief under CPLR 5229).

Here, USB is entitled to obtain discovery and the limited restraints on Leser's assets sought in the instant motion in order to maintain the status quo until the forthcoming judgment has been fully satisfied pursuant to CPLR 5229. First, since the jury herein has already issued a verdict in favor of USB, finding that Leser owes USB over $38,289,575.66 (Parrott Decl. Exh.

3

3), USB has already satisfied the statutory requirement of obtaining a favorable verdict entitling it to obtain pre-judgment relief under CPLR 5229.

Second, it is well-settled that courts should grant pre-judgment relief under CPLR 5229 to maintain the status quo "where there is a danger that [the non-prevailing party] will dispose of his assets." *Sequa Capital Corp. v. Nave*, 921 F. Supp. at 1076, *supra*. To obtain such relief, the prevailing party need not "submit evidence that assets are definitively being disposed of or diverted as a prerequisite to obtaining injunctive relief." *Gallegos*, 1 Misc. 3d at 207, 768 N.Y.S.2d at139, *supra*. *See also* Siegel, New York Practice § 516 (3d ed. 1999) ("It is not necessary, for this pre-judgment relief, to show that the defendant is actually disposing of assets."). Courts have crafted this liberal standard of enforcement because CPLR 5229 is intended to be "a preventative measure designed to frustrate the adverse party from disposing of assets before such disposition takes place." *Id.* Thus, the mere risk that Leser may seek to transfer his assets to avoid the negative impact of enforcement of the judgment on his already damaged financial condition is a sufficient basis for this Court to grant the relief sought by USB pursuant to CPLR 5229.

Here, the limited restraints and discovery sought by USB are warranted under CPLR 5229 because the evidence at trial indicates that Leser is experiencing financial distress that may render the judgment uncollectible. *See Berg v. Au Cafe, Inc.*, 2009 WL 1905143, at *2, *supra* (granting pre-judgment relief where there were questions regarding "the collectability of the judgment"); *Gallegos*, 1 Misc. 3d at 206, 768 N.Y.S.2d at138, *supra* ("That an adverse party is in financial distress may be an issue for the court to consider in assessing the utility of CPLR 5229."). More fully, Leser testified that the value of his real estate holdings has "dropped drastically" since 2007 and that whatever net worth was attributed to him in the documents

provided to USB at the time the Loans were underwritten and thereafter, including quarterly certifications provided to USB through October 2008 and financial statements up to 2007, are no longer accurate because they were prepared "before the [real estate market] crash." (*See* Parrott Decl. Exh. 4 at p. 262; *id.* Exh 5 at pp. 429-430.)[2] Alarmingly, Leser further testified that the issuance of a judgment requiring him to comply with his obligations under the Guaranties would "pull down [his] whole life," and would send his career earnings "down the tubes" (Parrott Decl. Exh. 5 at pp. 85, 600).

Leser's testimony regarding the dissipation of his wealth and the negative consequences of a judgment against him were further underscored by the testimony of Eli Verschleiser ("Verschleiser"), who acted as the broker for the Loans. Verschleiser confirmed at trial that he informed two USB employees that any lawsuit filed by USB would be useless "against Mr. Leser and his guarantees," because it would trigger certain Israeli securities laws that would impair the value of Leser's assets. (Parrott Decl. Exh. 6 at PLTF 2822; *id.* Exh. 5 at p. 1498.) The evidence also established that Verschleiser told USB that any lawsuit filed against Leser on the Guaranties would "end up with (at most) the property," because it would cause certain Leser-controlled entities to default on their financial obligations under Israeli law. (*Id.*)

The governing legal authorities set forth above establish that the limited restraints and discovery sought by USB herein under CPLR 5229 are appropriate because the testimony of Leser and Verschleiser confirms that Leser is experiencing financial distress that may render the judgment uncollectible. *See Berg v. Au Cafe, Inc.*, 2009 WL 1905143, at *2, *supra*; *Gallegos*, 1 Misc. 3d at 206, 768 N.Y.S.2d at138, *supra*. Moreover, the relief sought by USB herein is particularly appropriate because "CPLR 5229 is properly invoked where there is some time

---

[2] Leser submitted no evidence to show that his financial condition has improved since that time.

5

between a decision and the judgment." *Loew v. Kolb*, 2003 WL 22077454, at *2 , *supra* (delay between issuance of arbitration award and entry of judgment warranted pre-judgment relief). Here, the forthcoming judgment will not be rendered until after March 18, 2013, the date set for USB to file its reply brief, a delay of <u>over two months</u> after the issuance of the jury's January 14, 2013 verdict (Parrott Decl. ¶ 6). This substantial time lag between the jury's verdict and the issuance of an enforceable judgment raises the risk that Leser will seek to transfer assets to shield them from execution and compels the imposition of pre-judgment relief under CPLR 5229 so that the status quo will be maintained until the prospective judgment has been issued.

  Finally, the relief sought by USB should be granted for the additional reason that the evidence at trial establishes that Leser has extensive overseas business interests that could make it easier for him to conceal or transfer assets in order to avoid enforcement of the forthcoming judgment by USB. More fully, upon information and belief, Leser is a majority shareholder of The Leser Group Ltd. (the "Leser Group"), a publicly traded company bearing his name that is listed on the Israeli stock exchange. According to the Leser Group's Consolidated Interim Financial Statements as of March 31, 2010 (the "2010 Financial Statements"), the total equity attributable to equity holders of the Leser Group at that time was $117,961,629. (Parrott Decl. Exh. 7.) Thus, it appears that Mr. Leser has substantial assets located in Israel.

  At a minimum, USB should be given leave to conduct pre-judgment discovery of Leser pursuant to CPLR 5229 in order to enable it to obtain the information needed to quickly seek execution on the judgment after it has been issued. *See, e.g., Amalfitano v. Rosenberg*, 428 F. Supp. 2d 196, 212 (S.D.N.Y. 2006) (ordering pre-judgment discovery into defendant's assets as well as issuing a restraining order); *Perez v. 347 Lorimer LLC*, 2011 WL 7394419, at *2, *supra* (same).

**CONCLUSION**

  For all of the above reasons, the Court should grant USB pre-judgment relief under CPLR 5229.

Dated: New York, New York
   February 11, 2013        KATTEN MUCHIN ROSENMAN LLP

                 By:  /s/  Matthew D. Parrott
                     Matthew D. Parrott
                     Arthur Linker
                     Gregory C. Johnson

                 575 Madison Avenue
                 New York, New York  10022
                 Phone: (212) 940-8800
                 Fax:    (212) 940-8776