```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
ABRAHAM LESER

                Plaintiff,                    ORDER ADOPTING REPORT
                                              AND RECOMMENDATION


                -against-                     09-CV-2362 (KAM)(MDG)

U.S. BANK NATIONAL ASSOCIATION,

                Defendant.
----------------------------------------X
U.S. BANK NATIONAL ASSOCIATION,

                Counterclaim Plaintiff,

                v.

ABRAHAM LESER,

                Counterclaim Defendant.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On June 4, 2009, plaintiff/counterclaim defendant Abraham Leser ("plaintiff") commenced this action for declaratory judgment that certain personal guaranties for two real estate loan development projects are not enforceable against him. (ECF No. 1, Complaint.) Defendant/counterclaim plaintiff U.S. Bank National Association ("defendant") counterclaimed, alleging two claims for breach of contract and one claim of unjust enrichment against plaintiff based on the same development projects. (ECF No. 11, Answer and Counterclaim.) On January 14, 2013, after an eight-day trial, a

jury returned a verdict in favor of defendant in the amount of $38,289,575.66.  (ECF No. 189.)  Because the parties are currently engaged in post-trial briefing regarding the amount of interest, attorney's fees, and costs (*see* ECF Nos. 199-201; Order dated 1/31/13 (extending briefing schedule)), judgment has not yet been entered in this case.  The court notes that, pursuant to Federal Rule of Procedure 58(e), ordinarily the entry of judgment may not be delayed in order to tax costs or award fees, however, the parties agreed that all submissions, including the amount of interest due, would be fully submitted by March 18, 2013.  (*See* Order dated 1/31/13.)

On February 11, 2013, defendant moved for an order to show cause before Magistrate Judge Marilyn D. Go why the court should not grant prejudgment relief against plaintiff pursuant to Federal Rule of Civil Procedure 64 and New York Rule of Civil Procedure ("C.P.L.R.") § 5229, requesting that the court (1) restrain and enjoin plaintiff from transferring assets with the same effect as if a restraining notice had been served after entry of judgment under C.P.L.R. § 5222; and (2) compel plaintiff to produce documents and appear for a deposition regarding his finances and assets.  (ECF No. 207, Declaration of Matthew D. Parrott, Esq. ("Parrott Decl."); ECF No. 208, Defendant's Memorandum of Law in Support of Motion for Prejudgment Enforcement ("Def. Mot.").)  On February 12, 2013,

2

Magistrate Judge Go issued an order to show cause scheduling a show cause hearing for February 19, 2013, and permitting plaintiff until February 15, 2013 to oppose defendant's motion and defendant until February 19, 2013 to reply to plaintiff's opposition, if any.  (ECF No. 209, Order to Show Cause.)

After being served with Magistrate Judge Go's order to show cause dated February 12, 2013 (ECF No. 210, Affidavit of Service), plaintiff timely filed a memorandum in opposition to defendant's motion on February 15, 2013 (ECF No. 211, Plaintiff's Memorandum in Opposition, dated 2/15/13 ("Plff. Opp.")).  Plaintiff opposed defendant's request for prejudgment relief on two grounds: (1) that the applicable New York statutes and case law require a showing of actual dissipation or the danger of dissipation of assets before ordering the relief of prejudgment restraint of assets; and (2) that defendant's motion violates Rule 64 of the Federal Rules of Civil Procedure and C.P.L.R. § 5229, because Rule 64 does not permit the deposition of plaintiff or the production of documents.  (Plff. Opp. at 2-7.)  Defendant replied to plaintiff's opposition memorandum on February 19, 2013.  (ECF No. 212, Defendant's Reply Memorandum, dated 2/19/13 ("Def. Reply.").)

A show cause hearing was held before Magistrate Judge Go on February 19, 2013, and counsel for both parties appeared.  (Minute Entry dated 2/19/13.)  Magistrate Judge Go heard

argument from both parties regarding defendant's motion for prejudgment relief but reserved decision, permitting each party to make supplemental submissions on or before February 20, 2013. (Minute Entry dated 2/21/13 for proceedings held on 2/19/13.) Neither party filed any supplemental submissions.

## DISCUSSION

Presently before the court is the Report and Recommendation issued by Magistrate Judge Go on February 21, 2013, recommending that the court grant defendant's motion for prejudgment relief in the form of an order (1) restraining plaintiff from selling, transferring, assigning or interfering with any assets he directly owns or in which he has an interest until judgment is entered; and (2) directing plaintiff to appear for a deposition and produce documents concerning his finances within 30 days. (ECF No. 213, Report and Recommendation, dated 2/21/13 ("R&R"), at 5-6.) As explicitly noted at the end of the Report and Recommendation, any objections to the Report and Recommendation were to be filed on or before March 4, 2013 due to the expedited nature of defendant's motion. (R&R at 6.)

On March 4, 2013, plaintiff timely filed objections to the Report and Recommendation. (ECF No. 214, Plaintiff's Objections to the Report and Recommendation, dated 3/4/13 ("Plff. Obj.").) Plaintiff's objections to the Report and Recommendation, however, consist entirely of the arguments he

4

already raised before Magistrate Judge Go prior to the issuance of her decision. Specifically, plaintiff objects that the Report and Recommendation (1) "errs in concluding, contrary to ample authority, that the movant for a pre-judgment restraining notice need not show a danger of dissipation or diversion of assets"; and (2) errs in concluding that Federal Rule of Civil Procedure 64 permits "a pre-judgment deposition of the plaintiff regarding his assets, together with production of documents." (Plff. Obj. at 1.)

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). To the extent a party makes specific and timely written objections to a magistrate judge's findings and recommendations, the district court must review *de novo* "those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(3). Where no objection to a Report and Recommendation has been timely made, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (same). Moreover, where "the objecting

5

party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-cv-3771, 2012 U.S. Dist. LEXIS 84291, at *4 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *accord Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).

In this case, neither of plaintiff's two objections to the Report and Recommendation warrant *de novo* review by the court because they "simply reiterate[] the original arguments" plaintiff made before Magistrate Judge Go. *Zaretsky*, 2012 U.S. Dist. LEXIS 84291, at *4. Plaintiff's instant objections are plainly the same arguments plaintiff already raised before Magistrate Judge Go prior to the show cause hearing and the issuance of the Report and Recommendation. (*Compare* Plff. Obj. at 1-9 *with* Plff. Opp. at 2-7.) Indeed, every legal authority cited in plaintiff's objections to Magistrate Go's Report and Recommendation was already cited and discussed in plaintiff's opposition to defendant's motion for prejudgment relief. (*Compare* Plff. Obj. at pg. (ii) *with* Plff. Opp. at pg. (ii).) Furthermore, Magistrate Judge Go also addressed all of the arguments in plaintiff's objections to the Report and Recommendation in the Report and Recommendation itself. (R&R at 3-4 (discussing and rejecting plaintiff's argument that New York

6

law requires showing of dissipation or danger of dissipation of assets before ordering prejudgment restraint), 5 (discussing and rejecting plaintiff's argument that Fed. R. Civ. Proc. 64 precludes defendant's requested remedy of post-verdict discovery).) The court will thus review Magistrate Judge Go's Report and Recommendation strictly for clear error. *Zaretsky*, 2012 U.S. Dist. LEXIS 84291, at *4; *Soley*, 823 F. Supp. 2d at 228.

Upon a careful review of Magistrate Judge Go's thorough and well-reasoned recommendations in the Report and Recommendation and the record in this case, and upon consideration of plaintiff's objections to the Report and Recommendation, the court finds no clear error in the Report and Recommendation and hereby affirms and adopts it as the opinion of the court. Even under a *de novo* review, however, this court would affirm and adopt the Report and Recommendation in its entirety.

Accordingly, the court orders that defendant's motion for prejudgment relief is granted in accordance with the Report and Recommendation.

## **CONCLUSION**

For the reasons set forth above, defendant's motion for prejudgment relief is granted as follows: (1) plaintiff is hereby restrained from selling, transferring, assigning or

interfering with any assets he directly owns or in which he has an interest until judgment is entered in this case; and (2) plaintiff is hereby ordered to appear for a deposition and produce documents concerning his finances on a date mutually agreeable to all parties and no later than within 30 days of entry of this Order.

**SO ORDERED.**

Dated:     March 7, 2013
           Brooklyn, New York

                                    ____/s/_____
                                    Kiyo A. Matsumoto
                                    United States District Judge