**SETH EISENBERGER**
ATTORNEY AT LAW

263 52ND STREET, SUITE 302
BROOKLYN, NEW YORK
(347) 410-5800
FAX: (347) 435-2148
_____
E-MAIL: SETH@SETHESQ.COM

July 30, 2013

**Via ECF**
The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: **Leser v. U.S. Bank, 09 Civ. 02362 (KAM)(MDG)**
     **Case No. CV-09-02362**

Dear Judge Matsumoto:

  I represent respondent Aron Mandel as nominee for certain creditors (the "Mandel Creditors") in the above referenced action. Pursuant to the Individual Rules of the Court I write this letter in opposition to the letter of U.S. Bank National Association ("U.S. Bank") dated July 26, 2013 whereby U.S. Bank seeks a pre-motion conference for permission to file a motion for summary judgment.

  By Minute Order, dated July 25, 2013 the Hon. Marilyn D. Go directed U.S. Bank to meet and confer with the Mandel Creditors as to whether the parties required additional discovery and whether the parties agree to adopt the discovery schedule set by the Court for the claims against Edith Lesser, and file a report by August 2, 2013. (See Minute Order, dated July 25, 2013). U.S. Bank did not make any attempt to meet and confer or otherwise comply with Judge Go's Order; instead, it immediately filed a letter requesting permission to move for summary judgment.[1]

  The Mandel Creditors respectfully request that the Court adopt the discovery schedule set by Judge Go as to Edith Leser in its entirety, and defer requests for motions for summary judgment until October 7, 2013 as set forth in the Minute Order, dated July 25, 2013 so that the parties may conduct discovery. Specifically, the Mandel Creditors require at least three categories of discovery.

  First, the Mandel Creditors require discovery of Abraham Leser, who likely possesses documents evidencing the transactions underlying the debts held by the Mandel Creditors, including evidence of receipt of the underlying funds. Mr. Leser also likely possesses documents evidencing the unrelated loans and business dealings between Leser and the Mandel Creditors

---

[1] U.S. Bank took no action for the week following the Court's entry of a Preliminary Injunction on July 18, 2013. It was only after Judge Go directed the parties to confer that U.S Bank immediately filed this letter, in an apparent attempt to contravene Judge Go's order and avoid further discovery.

{068528}

THE LAW OFFICE OF SETH EISENBERGER

The Hon. Kiyo A. Matsumoto  
July 30, 2013  
Page 2

which were falsely portrayed by U.S. Bank as a form of "repayment" for the Mandel Creditors' outstanding loans.  Further, U.S. Bank has questioned the relationship between the Mandel Creditors and Leser (relying on innuendo to question the veracity of the Beth Din judgment), and, therefore, discovery regarding the relationship between each Mandel Creditor and Leser is needed.  Further, U.S. Bank alleges that the fact that Leser failed to notify investors in The Leser Group of the Mandel Creditors' judgment is a "badge" of fraud.  Thus discovery is needed regarding this allegation.  Finally, Mr. Leser likely possesses evidence that would support the Mandel Creditors' claim that the statute of limitations should be tolled based upon equitable estoppel.

   Second, the Mandel Creditors require discovery of U.S. Bank.  U.S. Bank has alleged that based upon the various provisions of New York's Debtor and Creditor law, the confession of judgment in the amount of $35 million rendered Mr. Leser insolvent and therefore constituted a fraudulent conveyance.  This allegation is at odds with U.S. Bank's claim that Mr. Leser's stake in the Leser Group alone is worth in excess of $160 million.  (See Petition ¶4, Docket Entry 241-1) In order to succeed on its claims, U.S. Bank is required to produce evidence demonstrating that the Beth Din arbitration and confession of judgment rendered Mr. Leser insolvent and otherwise supporting each element of its claims.  Further, U.S. Bank has thus far failed to produce a 30(b)(6) witness and responded to almost all of the interrogatory requests served by the Mandel Creditors by claiming that it "has not yet received sufficient discovery" to enable a response. See Interrogatory Responses 4-17, Exhibit A.  Since U.S. Bank now claims it is prepared to make a motion for summary judgment, it surely has sufficient information to respond to the outstanding interrogatories and should be required to do so.

   Third, the Mandel Creditors require discovery regarding Megaspheres and its foreign bankruptcy.  According to Your Honor's decision and order, the claim regarding Isaac Stern, one of the Mandel Creditors, lacked sufficient evidence regarding Megasphere's current and historical value (relating to whether demand for repayment was properly made by Stern).  Discovery is needed to support this claim, specifically with regard to the foreign bankruptcy.

   Finally, it is noted that that if the Court finds that Mr. Leser's transfer to Edith Lesser -- which U.S. Bank claims is in excess of $160 million -- was fraudulent and voids the conveyance, U.S. Bank's claims against the Mandel Creditors would fail as a matter law. If the conveyance to Edith Leser is voided, U.S. Bank's claims against the Mandel Creditors would be moot as Mr. Leser would not be insolvent, and would easily be able to pay back both U.S. Bank and the Mandel Creditors.  At this juncture U.S. Bank is protected by the preliminary injunction and would not be harmed by adopting the discovery schedule relating to Edith Leser.  Moreover, the Court's decision as to Edith Leser could render the claims moot as to the Mandel Creditors.

   Accordingly, the Mandel Creditors respectfully request that the Court denies U.S. Bank's request for a pre-motion conference and instead adopts the discovery schedule set by Judge Go as to Edith Leser in its entirety, and defer requests for motions for summary judgment until October 7, 2013 as set forth in the Minute Order, dated July 25, 2013.

{068528}

**THE LAW OFFICE OF SETH EISENBERGER**

The Hon. Kiyo A. Matsumoto
July 30, 2013
Page 3

                          Respectfully submitted,

                          /s/ Seth Eisenberger_____
                           Seth Eisenberger (SE-6769)

cc: All counsel via ECF

{068528}